[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15384
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:04-cr-00002-WLS-TQL-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ULYSSES DANIELS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 25, 2012)

Before CARNES, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ulysses Daniels appeals his 48-month prison sentence for violating the terms of his supervised release. He contends that the sentence was substantively unreasonable.

## I.

Daniels was convicted of conspiracy to possess crack cocaine with intent to distribute. The district court sentenced him to 78 months in prison and 5 years of supervised release. Daniels served his prison sentence, and his 5-year period of supervised release began on September 4, 2009.

On July 1, 2010, the probation office filed a petition asking the district court to revoke Daniels' supervised release. After a revocation hearing, the court found that Daniels had committed three violations of his supervised release: (1) he failed to submit monthly written reports; (2) he committed the Georgia state crime of possessing cocaine;[1] and (3) he unlawfully possessed a controlled substance. Because the court found Daniels had violated his supervised release by unlawfully possessing a controlled substance, it was required to revoke his supervised release and sentence him to "a term of imprisonment not to exceed [60 months]." 18 U.S.C. § 3583(e)(3), (g)(1). The probation office prepared a revocation report

---

[1] Daniels pleaded guilty to the state crime, and the state court sentenced him to 3 years in prison. He served about a year of that sentence and was paroled in September 2011.

recommending a guidelines range of 6 to 12 months imprisonment.

The court revoked Daniels' supervised release and determined that the guidelines range was 6 to 12 months imprisonment. The court, though, varied upward and sentenced him to 48 months in prison. In doing so, it discussed Daniels' criminal history, including four earlier state convictions for drug crimes. It also told Daniels that had he been convicted in federal court for possession of cocaine he would have been sentenced to 30 years in prison as a career offender, instead of the 3-year term he received in state court. The court then explained the sentence:

> The Court has taken the guidelines under advisement . . . . [but] finds the guideline sentencing range in this case to be inadequate. . . . The Court believes that 60 months would be justified, but I'm going to give you some account for what you've already served, and this is the third time around, and the Court thinks it's a fair sentence. Taking all things into account, the Court could justify 60 rather than a 48 month sentence, which is what would be permitted in the case.
> . . .
> Pursuant to 18 United States Code Section 3553(c)(2), the sentence is being imposed for 48 months for the following reasons. To reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the violation offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.
> The Court determines that the sentence as imposed is an appropriate sentence in this case, that it complies with the factors that are to be considered as set forth at 18 United States Code Section 3553(a) and adequately addresses the totality of the circumstances.

Daniels timely filed this appeal, contending that his sentence is substantively unreasonable because the district court placed too much emphasis on his criminal history and not enough emphasis on the mitigating evidence he presented. That mitigating evidence included that (1) he had earned certificates while he was in Georgia state prison; (2) he maintained a stable residence and found steady employment while on supervised release; and (3) he had health problems.

## II.

We review for reasonableness a sentence imposed upon the revocation of supervised release. United States v. Velasquez-Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Before imposing a prison sentence for the revocation of supervised release, the district court must consider some of the factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care, id. § 3553(a)(2)(B)–(D).

The party challenging the sentence has the burden of showing that it is unreasonable. United States v. White, 663 F.3d 1207, 1217 (11th Cir. 2011). We

will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Daniels has not shown that his 48-month prison sentence is substantively unreasonable. That sentence is below the statutory maximum prison term of 60 months, see United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a defendant's sentence was reasonable in part because it was below the statutory maximum), and the record establishes that the sentence takes into account the § 3553(a) factors. The court also indicated that it took "all things into account" before imposing the sentence, which means that it considered Daniels' mitigating evidence. The court's conclusion that Daniels' criminal history, the nature and circumstances of the offense, and the need to deter criminal conduct and to protect the public from Daniels' future criminal conduct outweighed that mitigating evidence does not render the sentence unreasonable.

**AFFIRMED.**